E-FILED
Monday, 29 August, 2005  02:13:14 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

DAVID SARGEANT,                       )
                                      )
    Petitioner,                       )
                                      )
  v.                                  )   No. 04-1128
                                      )
GUY PIERCE, Warden,                   )
Pontiac Correctional Center,          )
                                      )
    Respondent.                       )

## O R D E R

David Sargeant has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the amount of time Illinois prison officials plan to keep him in prison.

Sargeant pled guilty to vehicular invasion and was sentenced to 12 years and 6 months' imprisonment by the Illinois Circuit Court for Tazewell County.  This term commenced as of June 15, 1993, and therefore would have expired on December 15, 2005.  The sentence also included a 2-year term of mandatory supervised release (MSR).  Sargeant served 6 years, 7 months, and 8 days in prison and was released into his MSR term on January 23, 2000, having avoided 5 years, 10 months, and 22 days in prison due to his accumulation of good-conduct credits.  But he violated a condition of his release on January 10, 2001, and was jailed on January 11. The Prisoner Review Board revoked his MSR and reconfined him for a 12-month and 13-day term (representing the remainder of his unsatisfied MSR) to run from January 11, 2001, to January 24, 2002.

Since his return to prison, Sargeant has committed a number of violations of prison rules and has lost a great deal of good-conduct credit. Consequently, he has served not only the full 12-month and 13-day remainder of his MSR in prison, but also nearly four of the more than five years he initially avoided serving in prison. His current release date is September 2006.

Sargeant's habeas petition probably should have been summarily denied. It simply narrated his predicament and concluded without elaboration that the imposition of a 12-year and 6-month prison sentence plus 2 years of MSR, and keeping him in prison past December 15, 2005, were "unconstitutional" for some unspecified reason. The first contention is no better than the claim that any long prison term is always unconstitutional. And, as for the second, December 15, 2005, is simply the date on which Sargeant would have been released on MSR if he had not earned the good-conduct credits that enabled him to be released much sooner on January 23, 2000. There is nothing else significant about this date. Sargeant was not sentenced to "December 15, 2005." He was sentenced to 12 years and 6 months in prison and a 2-year MSR term to be served either on the street or in prison. If this obligation began running June 15, 1993, it would expire on December 15, 2007.

Yet Sargeant's petition was not summarily dismissed, and in fact the Court appointed counsel and we have gone through two rounds of briefing. The cause of this was § 3-3-9(a)(3)(i)(B) of

the Illinois Code of Corrections (730 ILCS 5), which allows the Illinois Prisoner Review Board, upon MSR revocation, to reimprison the MSR violator for the remainder of his MSR, plus up to one year of the time he originally avoided serving in prison due to the accumulation of good-conduct credits.  If taken seriously, this would seem to put an outer limit of January 24, 2003, on Sargeant's return to prison.  (1-11-2001 + 12 months and 13 days of MSR + 12 months of previously accumulated good-conduct credit.)

So far, of course, this is only a state-law claim.  But it could be turned into an Eighth Amendment claim by showing that this is indeed the correct interpretation of state law and that prison officials have been deliberately indifferent to this limitation on their authority to revoke good-conduct credit.

This was the federal claim in Campbell v. Peters, 256 F.3d 695, 700 (7th Cir. 2001), which also happens to be one of two written decisions in existence dealing directly with the § 3-3-9(a)(3)(i)(B) issue.  An Illinois Circuit Court had freed Campbell in July 1990, concluding that § 3-3-9(a)(3)(i)(B) allowed reimprisonment only for the remainder of the prisoner's MSR plus one additional year.  Campbell then sued under 42 U.S.C. § 1983 in federal court claiming unlawful imprisonment and a jury returned a verdict in his favor.  But the Seventh Circuit held that qualified immunity applied because state law was unclear prior to the state trial court decision, and was arguably still unclear afterwards.

The only other case dealing directly with the § 3-3-9(a)(3)(i)(B) issue is the one the State recently put into the record at the Court's request. <u>Sargeant v. Ill. Prisoner Review Bd.</u>, No. 4-02-0008 (Ill. App. Ct. Oct. 24, 2002). It appears that Sargeant argued on appeal to the Illinois Appellate Court that § 3-3-9(a)(3)(i)(B) prevented the Department of Corrections from punishing post-reconfinement misconduct by revoking more than one year of the good-conduct credit earned prior to his release in January 2000. The Illinois Appellate Court flatly rejected this interpretation and found no such limitation.

The weight of authority now actually seems to favor the State. At the very least, there can be no claim that prison officials have been deliberately indifferent to state law requiring Sargeant's release. There is no violation of the Eighth Amendment.

IT IS THEREFORE ORDERED that Sargeant's petition for a writ of habeas corpus (docket no. 1) is DENIED. CASE TERMINATED.

Signed this <u>29th</u> day of August 2005.

/s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States District Judge

4